IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

ARTHUR GILL,                         )    CIVIL NO. 10-00557 LEK-RLP
                                     )
          Plaintiff,                 )
                                     )
     vs.                             )
                                     )
WAIKIKI LANAI, INC., LARRY           )
MACKEY & RON BRUCE,                  )
                                     )
          Defendants.                )
_____      )


**ORDER GRANTING DEFENDANT LARRY MACKEY'S MOTION TO DISMISS**

          Before the Court is Defendant Larry Mackey's ("Mackey")
Motion to Dismiss Complaint ("Motion"), filed on May 5, 2011.
Plaintiff Arthur Gill ("Plaintiff") filed an untimely memorandum
in opposition on July 6, 2011, and Mackey filed his reply on
July 11, 2011.  Without leave of court, Plaintiff filed a
surreply and a supplemental surreply on July 18, 2011 and
July 20, 2011, respectively.  This matter came on for hearing on
July 25, 2011.  Mark Valencia, Esq., appeared on behalf of
Mackey, and Andre Wooten, Esq., appeared on behalf of Plaintiff.
After careful consideration of the Motion, the arguments of
counsel, and the relevant legal authority, Mackey's Motion is
HEREBY GRANTED for the reasons set forth below.

**BACKGROUND**

**I.    Factual History**

          Plaintiff is an African-American male formerly employed

by the Association of Apartment Owners Waikiki Lanais ("AOAO Waikiki Lanais")[1] as a maintenance and security officer. [Complaint at ¶ 1; Reply at 8.] He worked for AOAO Waikiki Lanais for eight years.[2] [Complaint at ¶ 1.]

Plaintiff claims that Defendant Ron Bruce ("Bruce"), a former co-worker, "was allowed to harass Plaintiff on the job verbally in a belligerent manner[.]" [Id. at ¶ 9.] Plaintiff also alleges that Bruce sabotaged Plaintiff's work by opening trash chutes that Plaintiff had closed while he changed the apartment-condominium complex's dumpsters. Plaintiff claims that he reported Bruce's conduct to his supervisor, Mackey, but that Mackey took no action. [Id. at ¶¶ 9-10.]

According to Plaintiff, an unnamed relief employee was

---

[1] Plaintiff refers to his employer, AOAO Waikiki Lanais, as "Waikiki Lanai, Inc." in his Complaint. According to Keali`i S. Lopez, Director of the State of Hawai`i Department of Commerce and Consumer Affairs ("DCCA"), "WAIKIKI LANAI INC. is not registered in this Department either as a corporation, partnership, limited liability company, limited liability partnership or trade name." [Reply, Decl. of Mark G. Valencia ("Valencia Decl."), Exh. G (DCCA statements dated 6/13/11), at 2.]

[2] Plaintiff claims that his employer terminated him "in or about June 2009", [Complaint at ¶ 8,] but that allegation is not supported by the record. According to a decision of the Employment Security Appeals Office ("Appeals Office"), an administratively attached agency in the State of Hawai`i Department of Labor and Industrial Relations ("DLIR"), AOAO Waikiki Lanais terminated Plaintiff on March 11, 2009. In re Gill, Decision No. 0901356, dated May 11, 2009 ("Appeals Office Decision"), at 2. The Appeals Office Decision is attached to the Reply as Exhibit D to the Declaration of Mark G. Valencia. [Dkt. no. 29-2.]

consistently late to work, causing Plaintiff to remain at the complex beyond his required shifts. Plaintiff claims that he was late to work on only one occasion. Plaintiff alleges that Mackey fired him, after eight years on the job, ostensibly for that single late arrival. [Id. at ¶¶ 11-12.]

Following his termination, Plaintiff filed a claim for unemployment compensation with the DLIR.[3] The DLIR denied his claim on April 3, 2009. [Appeals Office Decision at 1.]

On April 8, 2009, Plaintiff appealed the DLIR's decision to the Appeals Office. The Appeals Office held a hearing on the matter on April 30, 2009. The hearings officer found that Plaintiff's employer gave him six written warnings regarding his tardy arrivals from July 23, 2003 to June 20, 2007, and that Plaintiff was late to work twenty-four times from February 1, 2009 to March 10, 2009. [Id. at 1-2.] The hearings officer concluded that AOAO Waikiki Lanais lawfully discharged Plaintiff on March 11, 2009 for misconduct connected with work. [Id. at 3.]

Plaintiff also filed a claim with the Hawai`i Civil Rights Commission ("HCRC").[4] On July 1, 2010, the HCRC

_____

[3] It is not clear from the record when Plaintiff filed his DLIR claim.

[4] It is not clear from the record when Plaintiff filed his HCRC claim. Mackey claims that Plaintiff filed the HCRC claim on August 24, 2009. [Reply at 5.]

"recommended that the case be closed on the basis of no cause."[5]
[Valencia Decl., Exh. E (Letter dated July 1, 2010 to Arthur Gill
from William D. Hoshido, HRCR Executive Director), at 1.]  The
HCRC informed Plaintiff that he had ninety days to file a civil
action against his employer.  [Id.]

## II.  **Procedural History**

Plaintiff filed a timely Complaint on
September 28, 2010.  On January 26, 2011, Plaintiff served Mackey
by way of a process server.  [Return of Service, filed 1/26/11
(dkt. no. 8).]  Plaintiff alleges he also served "Waikiki Lanai,
Inc." through Mackey on the same day.  [Return of Service, filed
1/26/11 (dkt. no. 9).]  As of the date of this order, Plaintiff
has yet to serve Bruce.

On February 16, 2011, Mackey filed his Motion to
Dismiss, to Strike and/or for More Definite Statement.  [Dkt. no.
11.]  On February 17, 2011, the Court issued an entering order
denying this motion without prejudice due to Mackey's failure to
comply with Rule LR7.2(f) of the Local Rules of Practice of the
United States District Court for the District of Hawai`i ("Local
Rules").  [Dkt. no. 12.]

---

[5] The standard used by the HCRC is whether its Executive
Director has "reasonable cause to believe that an unlawful
discriminatory practice has occurred[.]"  Haw. Rev. Stat.
§ 368-13(c).

On February 25, 2011, Mackey filed his Answer to Complaint Filed 9/28/10. [Dkt. no. 13.] Mackey denied most of Plaintiff's allegations, including the allegations that Mackey has any association with, relationship to, or knowledge of "Waikiki Lanai, Inc." Mackey also raised several affirmative defenses. [Id. at 1-2.]

On June 2, 2011, Plaintiff obtained an entry of default against "Waikiki Lanai, Inc." [Doc. No. 26-5.] Plaintiff claimed he properly served "Waikiki Lanai, Inc." with a copy of the Complaint on January 26, 2011 and it is in default because it did not file an answer to the Complaint. [Mem. in Supp. of Motion for Entry of Default Against Defendant Waikiki Lanai Inc., filed 6/2/11 (dkt. no. 26-1), at 2.]

## III. **Motion**

In the instant Motion, Mackey argues that the Court lacks personal jurisdiction over him because Plaintiff's service was defective. He also contends that, since the other two defendants remain unserved, the Court should dismiss the Complaint as to all Defendants without prejudice. [Mem. in Supp. of Motion at 8.]

Mackey claims that Plaintiff served an incomplete copy of the Complaint on him on January 26, 2011. Specifically, Mackey contends that the second page was missing from the Complaint. [Motion, Decl. of Larry Mackey ("Mackey Decl.") at

5

¶¶ 2, 4.] He claims that his lawyer supplied him with the missing page on February 12, 2011. [Id. at ¶ 7.] Mackey emphasizes that January 26, 2011 was "the 120th day after filing."[6] [Mem. in Supp. of Motion at 8 (citation omitted).]

According to Mackey, "[s]ervice of a partial complaint is insufficient to complete service." [Id. at 10 (citations omitted).] Mackey claims that, absent a defendant's waiver or consent, the failure to properly serve a defendant deprives the court of personal jurisdiction over that defendant. [Id. (citations omitted).]

## IV. Plaintiff's Memorandum in Opposition

Plaintiff filed an untimely memorandum in opposition on July 6, 2011.[7] [Dkt. no. 28.] Local Rule 7.4 provides that "[a]n opposition to a motion set for hearing shall be served and filed not less than twenty-one (21) days prior to the date of hearing." As further provided by Local Rule 6.1:

> Whenever these rules require papers or documents to be filed "not more than" or "not less than" a designated period after or before a specified event, and whenever the outside limit of

---

[6] A copy of the Complaint that Plaintiff served on Mackey is attached to the Motion as Exhibit A to the Declaration of Matthew K. Chung ("Chung Declaration"). [Doc. no. 23-3.] The missing page of the Complaint – page two – is attached to the Motion as Exhibit B to the Chung Declaration. [Doc. no. 23-4.]

[7] The Court also observes that Plaintiff's untimely memorandum in opposition was also incomplete. Plaintiff failed to attach declarations and exhibits that he referenced in his memorandum in opposition. [Mem. in Opp. at 4.]

> the designated period is not a business day, such
> papers or documents shall be filed no later than
> the previous business day to ensure filing "not
> more than" or "not less than" the designated
> period. . . .

In the instant case, the Court scheduled the hearing on the Motion for July 25, 2011. [Dkt. no. 24.] Given the July 4, 2011 holiday, Plaintiff's memorandum in opposition was due no later than July 1, 2011.

At the hearing, Plaintiff's counsel argued that he filed his memorandum in opposition late because he was confused as to whether the instant Motion was actually before the Court. He stated that he believed the Court dismissed the instant Motion because it was frivolous. The Court questions the sincerity of counsel's explanation.

On May 4, 2011, Mackey filed a document that was also titled Motion to Dismiss Complaint. [Dkt. no. 21.] The Court set this motion for hearing on July 25, 2011. [Dkt. no. 22.] On the same day, the Clerk's Office issued a "CORRECTIVE ENTRY" informing Mackey that he needed to refile his motion in the correct electronic format. On May 5, 2011, Mackey filed the instant Motion, [dkt. no. 23,] which was also set for hearing on July 25, 2011, [dkt. no. 24]. That same day, the Court terminated the May 4, 2011 motion because it was refiled. [Dkt. no. 25.] The Court never terminated the instant Motion. Moreover, the Court has never classified any motion filed in this

case as "frivolous".

Plaintiff is represented by Andre Wooten, Esq., an attorney who has often appeared in this district court, is familiar with its docketing system, and is – or should be – familiar with its rules and his obligations under those rules. As recently observed by this district court:

> McNally is represented by an attorney, [Andre Wooten,] who is often in this court. He certainly knows or should know the rules and obligations concerning motions practice before this court. On many occasions, however, McNally's counsel has failed to follow court rules governing matters such as the timely filing of documents or motions for continuances of hearings. <u>See, e.g.</u>, <u>Matubang v. City & County of Honolulu</u>, 2010 WL 1850184, *2 n.6 (D. Haw., May 7, 2010) (noting that an opposition had not been timely filed); <u>Stucky v. Haw. Dep't of Educ.</u>, 2008 WL 1959738, *2 (D. Haw. May 6, 2008) (denying Rule 56(f) request because it was filed one month after the hearing on the motion); <u>Mabson v. Ass'n of Apartment Owners of Maui Kamaole</u>, Civ. No. 06-00235 DAE-LEK, slip op. at 28, 2007 WL 2363349 (D. Haw., Aug. 13, 2007) (noting that no satisfactory explanation had been provided to the court for the untimely filing of an opposition); <u>Kaulia v. County of Maui</u>, 504 F. Supp. 2d 969, 979 n.14 (D. Haw. 2007) (noting that the opposition had been filed one day late); <u>Epileptic Found. v. County of Maui</u>, 300 F. Supp. 2d 1003, 1006 n.3 (D. Haw. 2003) (noting that an opposition had been filed one day late and that declarations had been filed several days late); <u>Perkins v. City & County of Honolulu</u>, Civ. No. 97-01551, slip op. at 5-6 (D. Haw. Nov. 23, 1998) (order sanctioning counsel and listing eight other cases in which local rules were not followed, including many instances of failing to file timely oppositions); <u>see also</u> <u>Shipley v. Haw.</u>, 2006 WL 2474059, *5 (D. Haw. Aug. 24, 2006) (reminding counsel to file a timely opposition).

McNally v. Univ. of Hawaii, --- F. Supp. 2d ----, Civ. No.
09-00363 SOM/KSC, 2011 WL 322533, at *7 (D. Hawai`i
Jan. 28, 2011) (footnote omitted).  In McNally, Chief United
States District Judge Susan Oki Mollway found that Mr. Wooten's
failure to follow the applicable procedures and requirements was
fatal to his client's request to continue a hearing.  Id.  Chief
Judge Mollway noted that Mr. Wooten's failure to comply with
court rules placed "undue burdens" on both opposing counsel and
the court.  Id. at *20 n.1.

        This Court also observes that, since the McNally
decision, Mr. Wooten has continued to violate this district
court's rules.  On July 26, 2011, for instance, Chief Judge
Mollway observed that Mr. Wooten: filed an untimely opposition to
a motion for summary judgment; failed to submit courtesy copies,
even after court staff called him; and failed to properly tab his
concise statement of facts and its accompanying documents.
McCormack v. City & Cnty. of Honolulu, et al., CV 10-00293 SOM-
KSC, Order Granting in Part, Denying in Part Def. City & County's
Motion for Summary Jdgmt. (dkt. no. 83), at 7.  More recently, on
August 10, 2011, United States District Judge David Alan Ezra
"strongly caution[ed] Mr. Wooten to pay close attention to filing
and other deadlines" after Mr. Wooten failed to file a timely
response to a motion to dismiss.  Park v. Oahu Transit Servs.,
Inc., CV 10-00445 DAE-KSC, Order: (1) Granting Defs.' Motion to

Dismiss; etc. (dkt. no. 51), at 8 n.7.

Local Rule 7.4 provides that "[a]ny opposition or reply that is untimely filed may be disregarded by the court or stricken from the record." In the instant case, Plaintiff did not request an extension of the deadline to file his memorandum in opposition. Even if the Court construed the untimely memorandum and counsel's arguments at the hearing as an after-the-fact request for an extension, Plaintiff failed to provide a reasonable explanation why he could not comply with the original deadline. As a result, the Court will disregard Plaintiff's memorandum in opposition and will treat the Motion as unopposed.

**V.    Reply**

Given the Court's decision to disregard Plaintiff's memorandum in opposition, the Court will consider Mackey's reply as similar to a supplemental memorandum in support of the Motion. Mackey first argues that Plaintiff cannot demonstrate either good cause or excusable neglect for his failure to comply with the 120-day service deadline in Fed. R. Civ. P. 4(m). Mackey contends that such a showing is required for both himself and Bruce. [Reply at 7.]

Second, Mackey contends that the Court must dismiss the Complaint as to "Waikiki Lanai, Inc." because it is a non-existent entity. Mackey explains that, although the Complaint alleges that "'Defendant WAIKIKI LANAI INC. does business under

10

the name Waikiki Lanai and is a corporation duly organized in the City and County of Honolulu, State of Hawaii as an independent corporation[,]'" [id. (quoting Complaint at ¶ 2),] "neither 'Waikiki Lanai, Inc.' nor 'Waikiki Lani, Inc.' are Hawai`i corporations[,]" [id. at 8]. Mackey cites DCCA records attached to his Reply, which indicate "that there is no registered entity known as 'Waikiki Lanai Inc.'" in Hawai`i. [Id. (citations omitted).]

Finally, Mackey suggests that Plaintiff incorrectly named "Ron Bruce" as a defendant in this action. Mackey contends that, even if Bruce is a proper defendant, nearly half a year has elapsed since the expiration of Rule 4(m)'s 120-day service deadline and Bruce remains unserved. Mackey notes that Plaintiff has yet to file a motion to extend the time to serve Bruce and that the deadline to add or name additional parties was July 1, 2011. See Rule 16 Scheduling Order, filed 3/30/11 (dkt. no. 20), at 2.

Insofar as this Court is treating the instant Motion as unopposed, the Court need not examine Mackey's responses to the arguments in Plaintiff's untimely memorandum in opposition.

## VI.  **Plaintiff's Surreply and Supplemental Surreply**

On July 18, 2011, Plaintiff filed his Declaration of Counsel in Opposition to Defendant Larry Mackey' (sic) Motion to Dismiss Filed May 5, 2011 ("Surreply"). [Dkt no. 30.] On

July 20, 2011, Plaintiff filed his Errata Declaration of Counsel
in Opposition to Defendant Larry Mackey' (sic) Motion to Dismiss
Filed May 5, 2011 ("Supplemental Surreply").  [Dkt no. 31.]

Plaintiff did not obtain leave of court to file these
documents.  <u>See</u> Local Rule LR7.4 (stating that, other than the
opposition and reply, "[n]o further or supplemental briefing
shall be submitted without leave of court").  The Court therefore
will not consider these documents.

**STANDARDS**

**I.  <u>Motion to Dismiss for Lack of Personal Jurisdiction</u>**

Under Rule 12(b)(2) of the Federal Rules of Civil
Procedure, a defendant may bring a motion to dismiss for lack of
personal jurisdiction.  Although the defendant is the moving
party, the plaintiff must make a *prima facie* showing of facts
establishing personal jurisdiction by a preponderance of the
evidence.  <u>Rio Props., Inc. v. Rio Int'l Interlink</u>, 284 F.3d
1007, 1020 (9th Cir. 2002).

In considering a motion to dismiss for lack of personal
jurisdiction, the court must accept uncontroverted allegations in
the complaint as true.  <u>Dole Food Co. v. Watts</u>, 303 F.3d 1104,
1108 (9th Cir. 2002) (citation omitted).  If the defendant
presents evidence to contradict the allegations in the complaint,
the court must determine whether the plaintiff's pleadings and
proof make a *prima facie* showing of personal jurisdiction, and

the court must resolve any conflicts between the parties'
evidence in the plaintiff's favor.  Id.

## II.  **Dismissal for Insufficient Process and Service of Process**

"A federal court is without personal jurisdiction over
a defendant unless the defendant has been served in accordance
with Fed. R. Civ. P. 4." Travelers Cas. & Sur. Co. of Am. v.
Brenneke, 551 F.3d 1132, 1135 (9th Cir. 2009) (citations and
quotation marks omitted).  Under Rules 12(b)(4) and 12(b)(5) of
the Federal Rules of Civil Procedure, a party may bring a motion
to dismiss for "insufficient process" and "insufficient service
of process", respectively.  Whereas a Rule 12(b)(4) motion
challenges the sufficiency of the content of the summons, a Rule
12(b)(5) motion challenges the method of service attempted by the
plaintiff.  To determine whether service and service of process
were proper for the purposes of both Rule 12(b)(4) and (b)(5),
courts look to the requirements of Rule 4 of the Federal Rules of
Civil Procedure.  See 5B Charles Alan Wright, et al., Federal
Practice & Procedure § 1353 (3d ed.); accord Taniguchi v. Native
Hawaiian Office of the Att'y Gen., Civ. No. 09-00117 SOM-KSC,
2009 WL 1404731, at *3 (D. Hawai`i May 15, 2009).

As this district court recently explained:

> "'Rule 4 is a flexible rule that should be
> liberally construed so long as a party receives
> sufficient notice of the complaint.'"  Direct Mail
> Specialists [v. Eclat Computerized Techs., Inc.],
> 840 F.2d [685,] 688 [(9th Cir. 1988)] (quoting
> United Food & Commercial Workers Union v. Alpha

> Beta Co., 736 F.2d 1371, 1382 (9th Cir. 1984)).
> The plaintiff bears the burden of establishing
> that service is valid under Rule 4. Brockmeyer v.
> May, 383 F.3d 798, 801 (9th Cir. 2004) (citations
> omitted).
>
> Rule 4(e) states generally that an individual
> may be served by any of the following methods: (1)
> following state law for serving a summons; (2)
> delivering a copy of the summons and complaint to
> the individual personally; (3) leaving a copy of
> the summons and complaint at the individual's
> dwelling or usual place of abode with someone of
> suitable age and discretion who resides there; or
> (4) delivering a copy of the summons and complaint
> to an agent authorized by appointment or by law to
> receive service of process. Fed. R. Civ. P. 4(e).

Brewer v. Ass'n of Apartment Owners of Southpointe at Waiakoa

Condo. Homeowners Ass'n, Cv. No. 10-00315 DAE-BMK, 2011 WL

2532757, at *1 (D. Hawai`i June 23, 2011) (footnote omitted).

Rule 4(m) requires service of the summons and complaint

upon a defendant within 120 days after the filing of the

complaint. Rule 4(m) states, in pertinent part:

> **Time Limit for Service.** If a defendant is not
> served within 120 days after the complaint is
> filed, the court--on motion or on its own after
> notice to the plaintiff--must dismiss the action
> without prejudice against that defendant or order
> that service be made within a specified time. But
> if the plaintiff shows good cause for the failure,
> the court must extend the time for service for an
> appropriate period.

As this district court explained in Brewer:

> Absent a showing of good cause, courts have
> broad discretion under Rule 4(m) to extend the
> time for service or dismiss the action without
> prejudice. See In re Sheehan, 253 F.3d. 507, 512
> (9th Cir. 2001) ("Rule 4(m) requires a two-step
> analysis in deciding whether or not to extend the
> prescribed time period for the service of a

complaint. First, upon a showing of good cause
for the defective service, the court must extend
the time period. Second, if there is no good
cause, the court has the discretion to dismiss
without prejudice or to extend the time period."
(internal citations omitted)); <u>Efaw v. Williams</u>,
473 F.3d 1038, 1040-41 (9th Cir. 2007). In making
extension decisions under Rule 4(m), a district
court may consider factors "like a statute of
limitations bar, prejudice to the defendant,
actual notice of a lawsuit, and eventual service."
<u>Efaw</u>, 473 F.3d at 1041 (citation omitted).

2011 WL 2532757, at *2.

## **DISCUSSION**

Mackey argues that the Court should dismiss the
Complaint as to all Defendants due to Plaintiff's failure to
comply with Rule 4. Specifically, Mackey argues that Plaintiff
failed to: (1) serve Mackey with a complete copy of the Complaint
within Rule 4(m)'s 120-day service deadline; (2) serve Bruce with
either the Complaint or summons within Rule 4(m)'s 120-day
service deadline; and (3) properly name or serve Plaintiff's
employer, AOAO Waikiki Lanais.

Rule 4(m) requires a two-step analysis for determining
whether to extend the prescribed time period for service of a
complaint. "First, upon a showing of good cause for the
defective service, the court must extend the time period." <u>In re
Sheehan</u>, 253 F.3d at 512. At a minimum, "good cause" requires a
showing of "excusable neglect". <u>Lemoge v. United States</u>, 587
F.3d 1188, 1198 n.3 (9th Cir. 2009) (citing <u>Boudette v. Barnette</u>,

923 F.2d 754, 756 (9th Cir. 1991)).[8]  While the Supreme Court has
described excusable neglect as a "somewhat elastic concept[,]" it
has observed that "inadvertence, ignorance of the rules, or
mistakes construing the rules do not usually constitute excusable
neglect[.]"  Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd.
P'ship, 507 U.S. 380, 392 (1993) (internal quotation marks and
footnote omitted).  The plaintiff bears the burden of
establishing good cause.  Fed. R. Civ. P. 4(m).

     "Second, if there is no good cause, the court has the
discretion to dismiss without prejudice or to extend the time
period."  In re Sheehan, 253 F.3d. at 512 (citation omitted).
The Ninth Circuit has declined to "articulate a specific test
that a court must apply in exercising its discretion under Rule
4(m)[,]" noting "that, under the terms of the rule, the court's
discretion is broad."  Id. at 513 (citation omitted).

     Mackey's filings indicate that Plaintiff served Mackey
with an incomplete copy of the Complaint on January 26, 2011,
exactly 120 days after the filing of the Complaint.  The copy of

---

[8] The Ninth Circuit in Lemoge further observed:
          In addition to excusable neglect, a plaintiff may
          be required to show the following factors to bring
          the excuse to the level of good cause: "(a) the
          party to be served personally received actual
          notice of the lawsuit; (b) the defendant would
          suffer no prejudice; and (c) plaintiff would be
          severely prejudiced if his complaint were
          dismissed."
587 F.3d at 1198 n.3 (quoting Boudette, 923 F.2d at 756).

the Complaint served on Mackey omitted the second page, which identified the Defendants and described their connection to this action.[9]  Mackey ultimately received the missing page of the Complaint through his lawyer on February 12, 2011, seventeen days after the expiration of the 120-day service deadline.  [Mackey Decl. at ¶ 7.]  Rule 4(c)(1) of the Federal Rules of Civil Procedure requires that a plaintiff serve the summons and complaint "within the time allowed by Rule 4(m)[.]"  Insofar as Plaintiff did not serve Mackey with a complete copy of the Complaint within 120 days of the filing of the Complaint, the Court finds that Plaintiff failed to comply with the service requirements of Rule 4(c) and Rule 4(m).

The record indicates that, as of the date of this order, Plaintiff has yet to serve Bruce with a copy of the Complaint and summons.  Pursuant to Rule 4(m), Plaintiff was required to complete service by January 26, 2011.  Since Plaintiff failed to serve Bruce with a copy of the Complaint and summons within 120 days of the filing of the Complaint, the Court finds that Plaintiff has failed to comply with the service

---

[9] The Court notes that, even if it did consider Plaintiff's submissions, they would only reinforce this finding.  As Mackey's counsel noted at the hearing, Plaintiff's Exhibit A to his Supplemental Surreply, which Plaintiff describes as "identical" to the copy of the Complaint served on Defendants, omits the second page.  [Supplemental Surreply at ¶ 7, Exh. A.] Plaintiff's copy of the served Complaint is identical to that provided by Mackey.  [Chung Decl., Exh. A.]

requirements of Rules 4(c) and 4(m).

Finally, the record indicates that Plaintiff named a non-existent corporation, "Waikiki Lanai, Inc.", as a defendant in this matter. According to the DCCA, "WAIKIKI LANAI INC. is not registered in this Department either as a corporation, partnership, limited liability company, limited liability partnership or trade name." [Valencia Decl., Exh. G at 2.] Plaintiff contends that Mackey accepted service on behalf of "Waikiki Lanai, Inc." on January 26, 2011. [Return of Service, filed 1/26/11 (dkt. no. 9).] Mackey, however, submitted a declaration stating that he signed the return of service because he thought that the documents named his employer, but, upon further examination, he realized they were directed to "WAIKIKI LANAI, INC." AND "WAIKIKI LANI, INC.". [Mackey Decl. at ¶¶ 8-9.] Mackey states that neither of those entities is his employer, and he is not authorized to accept service on behalf of either of those entities. [Id. at ¶ 9.] Mackey also submitted evidence that neither of those entities is a registered business in Hawai`i. [Valencia Decl., Exh. G.] Plaintiff has offered no evidence to rebut Mackey's argument that Defendant "Waikiki Lanai, Inc." is a non-existent corporate entity. See Dole Food Co. v. Watts, 303 F.3d 1104, 1108 (9th Cir. 2002) (citations omitted) (observing that, where a defendant moves to dismiss a complaint for lack of personal jurisdiction, the plaintiff cannot

simply rest on the allegations in his or her complaint).  As a result, the Court FINDS that it lacks personal jurisdiction over "Waikiki Lanai, Inc."

In light of the Court's decision to treat the instant Motion as unopposed, the Court FINDS that Plaintiff has failed to establish good cause for extending the time period to complete service on Mackey and Bruce.  The Court further FINDS that, given Plaintiff's manifest failure to correctly identify, name, and serve the appropriate parties, there is no reason for the Court to exercise its discretion to extend the deadline for service. Accordingly, the Court FINDS that it lacks personal jurisdiction over all of the Defendants and DISMISSES the Complaint WITHOUT PREJUDICE as to all Defendants.

## CONCLUSION

On the basis of the foregoing, Mackey's Motion to Dismiss Complaint, filed on May 5, 2011, is HEREBY GRANTED and Plaintiff's Complaint is HEREBY DISMISSED WITHOUT PREJUDICE as to all Defendants.  Plaintiff has until **September 2, 2011** to file an amended complaint.  The Court CAUTIONS Plaintiff that, if he fails to file his amended complaint by **September 2, 2011**, the Court will dismiss this action with prejudice.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, August 18, 2011.



   /S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**ARTHUR GILL V. WAIKIKI LANAI, INC., ET AL; CIVIL NO. 10-00557 LEK-RLP; ORDER GRANTING DEFENDANT LARRY MACKEY'S MOTION TO DISMISS**